| | |
|---|---|
| 1 | JOSEPH P. RUSSONIELLO (44332)<br>United States Attorney |
| 2 | |
| 3 | BRIAN J. STRETCH (CSBN 163937)<br>Chief, Criminal Division |
| 4 | SUSAN B. GRAY (CSBN 100374)<br>Assistant United States Attorney |
| 5 | |
| 6 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, CA 94102<br>Telephone: (415) 436-7324 |
| 7 | Facsimile: (415) 436-6748<br>email: susan.b.gray@usdoj.gov |
| 8 | |
| 9 | Attorneys for Plaintiff |

FILED
JUN 0 5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. C 08-1305 JCS |
| Plaintiff, | ) ) | UNITED STATES' CASE MANAGEMENT STATEMENT AND |
| v. | ) ) | MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE; |
| APPROXIMATELY $72,000 IN UNITED STATES CURRENCY | ) ) | [~~PROPOSED~~] ORDER |
| Defendant. | ) ) | |

The United States submits this case management statement. Because no one has filed a claim or answer as required by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(5), there is no party with whom the United States can file a joint case management statement. For the reasons set forth below, the United States also moves to continue the Case Management Conference from June 20, 2008, to September 12 , 2008 at 10:30 a.m. or such other time as is convenient for the Court.

**A. JURISDICTION AND SERVICE**

This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355(a), and 21 U.S.C. § 881(a)(6). This action is timely filed in accordance with 18 U.S.C. § 983(a)(3)(A). Venue in this Court is proper because defendant $72,000 was seized in the Northern District of California. 28 U.S.C. §§ 1355(b) and 1395.

1   Pursuant to Supplemental Rule G(4)((b)(iii)(E) notice was sent to Earl Kennedy, Jr., and
2   Robert Porter at the "last address that person gave to the agency that seized the property." In
3   addition, pursuant to Supplemental Rule 4(a) the United States is publishing notice of the
4   pending civil forfeiture action.

**B. STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

This is a judicial forfeiture action, as authorized by 21 U.S.C. § 881(a)(4) and (6), involving the seizure of defendant approximately $72,000 in United States Currency, which was seized as money furnished or intended to be furnished by a person in exchange for a controlled substance, or money traceable to such an exchange, or money used or intended to be used to facilitate a violation of Subchapter I, Chapter 13 of Title 21 United States Code.

On October 16, 2007, San Francisco Postal Inspectors seized $72,000 in United States Currency from Express Mail package EB 406580511 US (hereinafter "Express Mail package") which was opened pursuant to written consent from Earl Kennedy, Jr., (hereinafter "Kennedy") the intended recipient.

Kennedy had previously been identified as a frequent recipient of Express Mail packages from Baton Rouge, Louisiana, sent initially to 267 Sextus Road, Oakland, California, 94603 and later to P.O. Box 27215, Oakland, California, 94542. Due to the unusual number of Express Mail packages being received at P.O. Box 27215, a mail watch had been placed on the Post Office box on September 26, 2007, by United States Postal Inspector Megan Bradley (hereinafter "Inspector Bradley"). On October 13, 2007, Inspector Bradley was notified that an eighteen pound Express Mail package addressed to Kennedy, at P.O. Box 27215, Oakland, California, 94602 was being held at the United States Post Office at 2226 MacArthur Boulevard, Oakland, California. The return address on the package was Robert Porter, 2901 Jefferson Highway #522, Baton Rouge, Louisiana, 70816.

Inspector Bradley reviewed Postal Service Form 1093 which was used to open P.O. Box 27215 and determined that it had been completed by Kennedy on October 6, 2005, using

UNITED STATES' CASE MANAGEMENT STATEMENT AND                                                    2
MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE;
[PROPOSED] ORDER
C 08-1305 JCS

| | |
|---|---|
| 1 | California Driver's License #B9646774 as identification and listing 898 Davis, #202, San |
| 2 | Leandro, California, 94577 as his home address on the application. According to the mail carrier |
| 3 | for that address, Kennedy had moved from the Davis Street address two years ago. |
| 4 | On October 15, 2007, a certified narcotics detection canine, Xena, alerted to the Express |
| 5 | Mail package. |
| 6 | On October 16, 2007, Inspector Bradley attempted to reach Kennedy using the phone |
| 7 | number listed on the Express mail package, (510) 393-5969. She left two messages for Kennedy |
| 8 | stating that she was from the Post Office and was holding his Express Mail package. She did not |
| 9 | receive a return phone call. |
| 10 | After approximately one hour and twenty minutes, Inspector Bradley called the telephone |
| 11 | number listed for the sender, Robert Porter (225) 266-0772. A male answered and identified |
| 12 | himself as "Robert". Inspector Bradley told him that she was trying to get in touch with Kennedy |
| 13 | regarding his Express Mail package. Robert said he would call Kennedy and have him come to |
| 14 | the Post Office to pick up the package. |
| 15 | Approximately five minutes later, Inspector Bradley received a telephone call from Kennedy |
| 16 | who told her he was coming to the Post Office to pick up his package that had been "missent." |
| 17 | Inspector Bradley told Kennedy to ask for "Megan" when he arrived at the Post Office. |
| 18 | Inspector Bradley waited to the side of the retail counter inside the Post Office. |
| 19 | She observed an African-American male, who resembled the California Driver's License picture |
| 20 | for Earl Kennedy, Jr., approach the counter. As he approached the counter, Kennedy asked |
| 21 | Inspector Bradley if she was "Megan". Inspector Bradley identified herself, showed her |
| 22 | credentials and explained that she was a Postal Inspector. |
| 23 | Kennedy told Inspector Bradley that he was not expecting a package. He provided written |
| 24 | consent for the Express Mail package to be opened. The Express Mail package contained a VCR |
| 25 | and two small DVD players. Kennedy said that his cousin, David, sometimes send him |
| 26 | equipment for their film making business, but he did not know a Robert Porter who was listed as |
| 27 | |
| 28 | UNITED STATES' CASE MANAGEMENT STATEMENT AND MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER C 08-1305 JCS |

1   the sender on the Express Mail package. When questioned further about the film business,
2   Kennedy said he does not advertise or have a website. He stated that he is known on the streets
3   and people just know where to find him when they want one of his movies.
4       Further examination of the equipment revealed four vacuum sealed packages of money
5   secreted into the shells of the VCR and DVD players. When questioned about the money,
6   Kennedy stated he knew nothing about it and the Postal Inspectors could take it. Kennedy
7   provided a written disclaimer for the package.
8       Kennedy stated he lives with his girlfriend, Jasmine, in San Leandro, but he was not sure
9   of her actual address. Inspector Bradley later discovered that a Jasmine Wilson, at 26970
10  Hayward Boulevard, #509, Hayward, California, 94542, had received an Express Mail package
11  from Robert Porter on June 8, 2007. She had received Express Mail packages from Robert Porter
12  on March 19, 2007, and May 17, 2007 at P.O. Box 55521, Hayward, California, 94542. She also
13  had received two other Express Mail packages from Baton Rouge, Louisiana on May 21, 2007
14  and July 11, 2007.
15      Immediately after Kennedy left, Inspector Bradley called Robert Porter and told him that
16  Kennedy had denied knowing Robert Porter and that Kennedy had said he was not expecting a
17  package. Porter asked if she had spoken with the "real Earl Kennedy". Inspector Bradley replied
18  that she had seen Kennedy's drivers's license and she had spoken with the "real Earl Kennedy."
19  Porter stated that he had notified Kennedy that this particular package was in the mail. Porter
20  also said that he had just spoken to Kennedy to tell him that the package was at the Post Office.
21  When asked about the contents of the package, Porter described a VCR and two DVD players; he
22  did not mention money. Porter was agitated and asked that the package be returned to him.
23  When Inspector Bradley asked Porter if there was any reason a narcotics canine would alert to the
24  package, Porter immediately hung up the phone.
25      On October 19, 2007, Inspector Bradley received a call from Robert Porter who asked about
26  his money. Inspector Bradley had never told Porter that money was found in the Express Mail
27
28  UNITED STATES' CASE MANAGEMENT STATEMENT AND    4
    MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE;
    [PROPOSED] ORDER
    C 08-1305 JCS

Package sent to Kennedy. Later that same day, Kennedy returned to the Post Office and stated he had changed his mind and wanted his parcel back.

The denominations of the defendant $72,000 were: 137 x $100 dollar bills; 5 x $50 dollar bills; 2,791 x $20 dollar bills; 223 x $10 dollar bills. The packaging and denominations of defendant $72,000 are consistent with those used for, or from, the sale of illegal controlled substances. When Inspector Bradley opened the vacuumed sealed bags, a strong ordor of men's cologne emitted from the bags. Based upon her training and experience Inspector Bradley knew that narcotics traffickers often try throw off a narcotics canine by using cologne or another odor masking agent.

During the course of her investigation Inspector Bradley discovered that Kennedy had been convicted in 2003 of a violation of California Health and Safety Code §11357(A) Possession of Concentrated Cannabis in Oakland, California. Robert Porter had been convicted in 2000 in Oakland, California of a violation of California Health and Safety Code § 11360(A), Sell/Furnish/Marijuana/Hash.

Due to the totality of the circumstances, defendant $72,00 in United States currency was seized as money furnished or intended to be furnished by a person in exchange for a controlled substance, or traceable to such an exchange, or money used or intended to be used to facilitate a violation of Subchapter I, Chapter 13 of Title 21 United States Code.

**C. PRINCIPAL ISSUES**

    **1. The principal factual issues that the parties dispute are:**

    **2. The principal legal issues that the parties dispute are**:

    No one has submitted a timely claim or answer and therefore no factual or legal issues have been joined.

    **3. The following issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue remain unresolved.**

    See section A, above.

UNITED STATES' CASE MANAGEMENT STATEMENT AND MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER
C 08-1305 JCS

5

| | |
|---|---|
| 1 | **4. The following parties have not yet been served:** |
| 2 | See Section A above. |
| 3 | **5. Any additional parties that a party intends to join are listed below:** |
| 4 | None. |
| 5 | **6. Any additional claims that a party intends to add are listed below:** |
| 6 | None. |
| 7 | **D. ALTERNATIVE DISPUTE RESOLUTION** |
| 8 | Not applicable at this time. |
| 9 | **E. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE** |
| 10 | The United States has consented to have a Magistrate Judge conduct all future proceedings. |
| 11 | **F. DISCLOSURES** |
| 12 | Forfeiture actions are exempt from the initial disclosures required in Rule 26, Federal Rules |
| 13 | of Civil Procedure. |
| 14 | **G. EARLY FILING OF MOTIONS** |
| 15 | The United States anticipates that it will file a motion for default judgment as to the |
| 16 | currency. |
| 17 | **H. DISCOVERY** |
| 18 | **I. PRETRIAL AND TRIAL SCHEDULE** |
| 19 | Not applicable at this time. |
| 20 | **J. DATE OF NEXT CASE MANAGEMENT/STATUS** |
| 21 | **CONFERENCE**_____ |
| 22 | **K. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL** |
| 23 | Susan B. Gray |
| 24 | Assistant United States Attorney<br>Asset Forfeiture Unit |
| 25 | 450 Golden Gate Avenue, 9th Floor<br>San Francisco, CA 94102 |
| 26 | 415 436 7324 |
| 27 | |
| 28 | UNITED STATES' CASE MANAGEMENT STATEMENT AND<br>MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE;<br>[PROPOSED] ORDER<br>C 08-1305 JCS |

6

1 | No one has submitted a claim or answer for any claimant to the defendant funds.

2 | **L. OTHER MATTERS/REQUEST TO CONTINUE**

3 | As noted above, no one has filed a claim or answer in this case. After service by publication is complete, the United States intends to request a clerk's entry of default to be followed by a motion for default judgement. Given the current posture of this case, the United States requests that the Case Management Conference currently scheduled for June 20, 2008, at 10:30 a.m. be continued to September 12, 2008, at 10:30 a.m. to allow time for the United States to finish publication of notice to interested parties, request the clerk to enter an order of default judgement, and thereafter move this Court for entry of default judgement.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: May 30, 2008

SUSAN B. GRAY
Assistant United States Attorney

Based upon the foregoing, and GOOD CAUSE APPEARING, the Case Management Conference in the above-entitled case is continued from June 20, 2008, to September 12, 2008, at 10:30 a.m.

IT IS SO ORDERED.

6/5/08

JOSEPH C. SPERO
United States District Judge

28 | UNITED STATES' CASE MANAGEMENT STATEMENT AND
MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE;
[PROPOSED] ORDER
C 08-1305 JCS

7